NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILTON RIDER,                        :
                                     :  Civil Action No. 12-7313 (CCC)
            Plaintiff,               :
                                     :
      v.                             :  **OPINION**
                                     :
BERGEN COUNTY PROSECUTOR,            :
et al.,                              :
                                     :
            Defendants.              :

APPEARANCES:

    MILTON RIDER, Plaintiff <u>pro se</u>
    Atlantic City Rescue Mission
    2009 Bacharach Boulevard
    Atlantic City, New Jersey 08401

**CECCHI**, District Judge.

Plaintiff, Milton Rider, residing in Atlantic City, New Jersey, filed this civil complaint on or about November 16, 2012,[1] apparently challenging a New Jersey state court conviction and sentence. In his Complaint, Plaintiff concedes that he has fully served his state court sentence and was released from prison on December 1, 2010. (Complaint, "Introduction.") For the reasons set forth below, the Court finds that this action

---

[1] Plaintiff paid the full $350.00 filing fee established for civil complaints under 28 U.S.C. § 1914(a).

must be dismissed with prejudice for lack of subject matter jurisdiction.[2]

## I.   BACKGROUND

In his Complaint, Plaintiff alleges that, on July 31, 1987, he was convicted in the Superior Court of New Jersey, Law Division, Bergen County and sentenced to an extended term of 25 to 50 years. The extended term sentence was requested by the Bergen County Prosecutor based on the fact that Plaintiff had a 1971 conviction in Canada. According to Plaintiff, he served 25 years in prison and was released on December 1, 2010, with the notation that his sentence was completed, no parole. (Complaint, "Introduction.")  Plaintiff alleges that he challenged his sentence in state court in 2005, and that his claims were denied. (Compl., ¶¶ 1, 3.)

Plaintiff also states that he challenged his state sentence in the United States District Court for the District of New Jersey. (Compl., ¶ 3.) That action, *Rider v. State of New Jersey, et al.*, Civil No. 06-2287 (FSH), was filed in May 2006 pursuant to 28 U.S.C. § 2254 and assigned to the Hon. Faith S. Hochberg, U.S.D.J.  In that case, Plaintiff asserted that his

---

[2] Lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998).

1971 Canadian conviction could not be used to extend his prison sentence, under the Supreme Court's then recently-issued decision in *Small v. United States*, 544 U.S. 385, 391-92 (2005)(holding that the "convicted in any court" element of the federal felon-in-possession-of-firearm statute excludes convictions entered in foreign courts). Plaintiff further alleged that the maximum term on his state court conviction without the extended term expired in 2000. (*See* May 31, 2006 Opinion at pg. 2, *Rider v. State of New Jersey, et al.*, Civil No. 06-2287 (FSH), at Docket entry no. 2.)

After noting that Plaintiff had filed an earlier § 2254 habeas petition challenging the very same state court conviction, *Milton v. State of New Jersey*, Civil No. 03-1249 (JAG),[3] Judge Hochberg dismissed Plaintiff's Petition as a second or successive petition and transferred the case to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3) 2003.

On or about October 24, 2006, the Third Circuit denied Plaintiff's application to file a second or successive habeas petition. The Third Circuit held that, in *Small*, the Supreme

---

[3] Plaintiff's first habeas petition was denied by the district court on October 3, 2005, for failure to make a substantial showing of a federal statutory or constitutional violation. *See Milton v. State of New Jersey*, Civil No. 03-1249 (JAG)(Docket Entry No. 18).

3

Court applied established rules of statutory interpretation to a federal statute, and therefore did not establish a new rule of constitutional law. *See id*. at 388-94; 28 U.S.C. § 2244(b)(2)(A). The court also noted that Petitioner had not otherwise alleged any newly discovered evidence under 28 U.S.C. § 2244(b)(2)(B). (*See Rider v. State of New Jersey, et al.*, Civil No. 06-2287 (FSH), at Docket entry no. 4.)

In the present case, Plaintiff appears to be rehashing the same arguments as posed in his earlier habeas actions. Namely, Plaintiff argues that he served an additional five years in prison based on the erroneous application of his Canadian conviction for the imposed extended term sentence and has suffered an "injustice" pursuant to the New Jersey Supreme Court decision in *State v. Maurice Pierce*, 188 N.J. 155 (2006).

## II. DISCUSSION

Plaintiff ostensibly brings this action pursuant to 42 U.S.C. § 1983,[4] seeking damages for having served an extended

---

[4] Section 1983 provides in relevant part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

term sentence that he alleges to have been unconstitutional.  In essence, Plaintiff is challenging his state court sentence.

In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Id*. at 500.  The proper course of action would be the filing of a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of his state court proceedings.  Significantly, Plaintiff cannot seek monetary relief for an unconstitutional conviction or sentence until that conviction or sentence has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).[5]

---

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir.1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.2011).

[5] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable

Here, Plaintiff admits that the challenged conviction and sentence were not overturned by any court. Thus, any claim that Plaintiff may be asserting now, seeking money damages for time served beyond the term of a sentence being challenged as unconstitutional, is not ripe for consideration until Plaintiff has invalidated the conviction or sentence by either state court or federal habeas review.

Accordingly, Plaintiff's only recourse in federal district court would be a habeas petition under § 2254. However, to invoke habeas corpus review by a federal court under 28 U.S.C. § 2254,[6] the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); 1

---

under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-7.

[6] Section 2254(a) provides:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed.2001).

While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the conviction he is attacking when the petition is filed, in order for this Court to have jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed. Indeed, the Supreme Court held that its decision in *Carafas v. LaVallee*, 391 U.S. 234 (1968) "strongly implies the contrary." *Maleng*, 490 U.S. at 491. In *Carafas*, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied. *Maleng*, 490 U.S. at 491 (citing *Carafas*, 391 U.S. at 238). The Court ultimately found the "in custody" requirement was satisfied in *Carafas*, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed. *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238). Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely

expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[7] *Maleng*, 490 U.S. at 492.

Here, it is evident that the state court conviction and sentence challenged by Plaintiff had fully expired before he filed this action. Plaintiff admits that he was released from prison on December 1, 2010, and was not subject to any parole, his sentence having been deemed completed. Plaintiff did not file this action until November 16, 2012, almost two years after he was released from custody, and it appears from this action that Plaintiff is not confined at all, either under the challenged sentence or any other conviction or sentence. Consequently, Plaintiff is not entitled to relief under § 2254 because he was not "in custody" pursuant to the state court judgment of conviction being challenged in this matter.

Finally, to the extent that Plaintiff is challenging his already fully served sentence in this § 1983 action, his sole federal remedy would be a writ of error *coram nobis*. The writ of error *coram nobis* is an "infrequent" and "extraordinary" form of relief reserved for "exceptional circumstances." *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *see*

---

[7] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

*Carlisle v. United States*, 517 U.S. 416, 429 (1996)(noting that the remedy is so extreme that it "is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate"). The United States Court of Appeals for the Third Circuit further stated that

> . . . courts have set out three requirements for a writ of error *coram nobis*: (1) the petitioner must no longer be "in custody," *see Obado* [*v. New Jersey*], 328 F.3d [716] at 718 [(3d Cir. 2003)]; (2) the petitioner must be attacking a conviction with "continuing penalties" or "collateral consequences" to the petitioner, [*see United States v.*] *Osser*, 864 F.2d [864 F.2d 1056] at 1059 [(3d Cir. 1988)]; and (3) the error the petitioner seeks to correct is a "fundamental error" for which "there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier[.]" [*S*]*ee Stoneman*, 870 F.2d at 106 (citation omitted).

*Evola v. AG of the United States*, 2006 U.S. App. LEXIS 18863, *4-8 (3d Cir. N.J. July 26, 2006).

Leaving aside the issue of whether Plaintiff would be able to meet the stringent requirements associated with the writ of *coram nobis*, as set forth above, this Court simply has no jurisdiction to issue such writ, as a federal court's power of *coram nobis* review is limited to challenges associated with federal convictions (and ensuing federal sentences) rendered by that particular federal court. "Only the court that handed down the judgment of conviction ... may entertain ... a [*coram nobis*]

petition." *Goodman v. United States*, 2005 U.S. App. LEXIS 17950, *3, 140 Fed. Appx. 436 (3d Cir. 2005)(citing *Obado*, 328 F.3d at 718). In this case, Plaintiff's allegations regarding a state court extended term sentence plainly fall outside of this Court's jurisdiction.

Therefore, where the allegations in the instant Complaint do not indicate that Plaintiff's 1987 state criminal conviction was overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus or a writ of *coram nobis*, Plaintiff's challenge to his 1987 extended term sentence is not cognizable under § 1983 and must be dismissed for lack of subject matter jurisdiction.

### III.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, for lack of subject matter jurisdiction. An appropriate order follows.

CLAIRE C. CECCHI
United States District Judge

Dated: